# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHARON PARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 cv 5403 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon Parson, filed a *pro se* amended complaint against the Social Security Administration, alleging violations of her due process rights, First Amendment rights, obstruction of justice, and discrimination. Defendant, Acting Commissioner of Social Security ("the agency"), moves to dismiss the amended complaint for lack of jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, this Court grants the motion.

**Background**

It is difficult to discern from the convoluted text of the amended complaint precisely what Ms. Parson is alleging. The allegations in the amended complaint are rendered even less clear by the inclusion of a lot of legalease and extensive quotations from cases from various jurisdictions. Ms. Parson seems to be alleging that her monthly Supplemental Security Income ("SSI") benefits were reduced by $305.00 without a hearing or opportunity for administrative appeal. She alleges that she initial sought reconsideration from the Social Security Administration and requested a hearing with an Administrative Law Judge on June 6, 2014. Ms. Parson also alleges that she sought, what this

---

[1] Pursuant to Rule 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Acting Commissioner of Social Security.

Court will interpret injunctive relief from the United States District Court for the Middle District of Tennessee. Ms. Parson further asserts that the Chicago District Office of the Social Security Administration also denied her request for reinstatement of the additional benefit amount.

**Legal Standard**

The defendant agency seeks dismiss under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction over Parson's claim. The agency also argues that this Court should dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The standard applied to each motion is similar. *Freiburger v. Emery Air Charter, Inc.,* 795 F.Supp. 253, 256 (N.D.Ill.1992). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009), raising the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 8, a plaintiff only needs to "give enough details about the subject-matter of the case to present a story that holds together." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Pisciota v. *Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

The agency argues that this Court must dismiss the amended complaint both for failure to state a claim and for lack of jurisdiction. Judicial review of agency decisions regarding social security benefits is only available for a final decision from the Commissioner. 42 U.S.C. § 405(g). Here, Ms. Parson does not identify a final agency decision. Moreover, it appears she is seeking judicial review of the denial of a state (Illinois) supplement to her SSI benefits. Since any decision to reduce or

suspend or terminate state supplementary payments, even if federally administered, are determined by the state, the agency is without authority to reconsider that decision. Program Operations Manual System ("POMS") SI 04020.030B, https://secure.ssa.gov/apps10/poms.nsf/lnx/0504020030#b. There is also therefore no final agency determination for this Court to review pursuant to section 405(g). Accordingly, this Court lacks subject matter jurisdiction.

This Court must also dismiss the amended complaint for failure to state a claim. The allegations in the complaint are insufficient to put the agency on notice of the claim against it. As noted above, the Court finds the allegations in the complaint convoluted and mired in legal rhetoric that serves only to confuse issues. Ms. Parson might fare better if she plainly and succinctly states what actions she claims this agency took. This Court understands from the complaint that her SSI benefits have been reduced, but that is not sufficient information for this Court to allow Ms. Parson to proceed on this complaint.

Based on the foregoing discussion, this Court grants the agency's motion to dismiss [26]. The Court will allow Ms. Parson to file a motion for leave to amend her complaint plainly stating factual support for this Court's jurisdiction; *i.e.*, a final decision by the Social Security Commissioner that is reviewable by this Court. Ms. Parson must also include a copy of her proposed amended complaint with her motion for leave to amend. Any motion to amend the complaint must be filed within 45 days of the entry of this Order.

IT IS SO ORDERED.

ENTERED:

Dated: March 17, 2017

_____
SHARON JOHNSON COLEMAN
United States District Judge